IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv244

| | |
|---|---|
| USA TROUSER, S.A. de C.V., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNATIONAL LEGWEAR )<br>GROUP, INC., et al., )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

Pending before the Court are Plaintiff's Motion for Extension of Time to Complete Discovery [# 33] and Defendants' Motion for Leave to Take the Deposition of Russell Reighley After the Deadline for the Completion of Fact Discovery [# 36]. As a threshold matter, the Court **GRANTS** the Defendants' motion [# 36] for good cause shown. The Court **GRANTS** the parties leave to take the deposition of Mr. Reighley after the close of discovery, provided the deposition occurs at lest ten (10) days prior to the deadline for filing summary judgment motions.

Plaintiff requests an extension of the discovery period, which is scheduled to close August 1, 2012, until February 1, 2013. Trial in this matter is currently set for January 14, 2013. Plaintiff has had ample time to conduct discovery in this

matter. Although the discovery deadline is fast approaching, the problems encountered by Plaintiff in completing discovery are largely a result of counsel's delay in filing appropriate motions to compel. The discovery responses that are the subject of the motion were served on December 23, 2011, yet Counsel waited until May 5, 2012, to file a motion to compel. Because Plaintiff neglected to include a separate brief in support of his motion, the Court denied the motion without prejudice for failure to comply with the Local Rules. (Order, Jun. 11, 2012.) Rather than immediately file a brief supporting its motion, Plaintiff waited over a month to file its Second Motion to Compel [# 34]. The Court will not grant Plaintiff a five month extension of the discovery period in a situation where Plaintiff has not been diligent in pursing discovery in this case. Accordingly, the Court **DENIES** the Plaintiff's motion [# 33].

This does not mean, however, that Defendants may simply wait out the discovery period and hope they will never have to respond to Plaintiff's discovery requests. If the Court grants Plaintiff's Motion to Compel, the Court will order the Defendants to respond to the discovery requests, regardless of whether the discovery deadline has expired. Finally, the Court **DIRECTS** the parties that if Defendants fail to respond to the Motion to Compel [# 34] by July 30, 2012, the Court will consider Defendants to have no opposition to the motion and to consent

to the relief requested in the motion.

Signed: July 19, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge