# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv244

| | |
|---|---|
| USA TROUSER, S.A. de C.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| INTERNATIONAL LEGWEAR ) | |
| GROUP, INC.; WILLIAM SHEELY; ) | |
| JOHN SANCHEZ; and SCOTT ) | |
| ANREWS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Objections to Magistrate Judge Howell's Order Denying Plaintiff's Motion for Extension of Time and Appeal to District Judge [Doc. 42].

## I. PROCEDURAL BACKGROUND

On September 6, 2011, the Plaintiff USA Trouser, S.A. de C.V., commenced this action in the Burke County General Court of Justice, Superior Court Division, against International Legwear Group, Inc. ("ILG") and three former officers of ILG, William Sheely ("Sheely"), John Sanchez ("Sanchez"), and Scott Andrews ("Andrews"). [Complaint, Doc. 1-1]. In the Complaint, the Plaintiff asserts various causes of action against the

Defendants, including claims for breach of contract, fraudulent misrepresentation, and unfair and deceptive trade practices. [Id.]. The Defendants removed the action to this Court on September 21, 2011. [Doc. 1].

Shortly after removal, on October 14, 2011, the Plaintiff filed a motion seeking immediate discovery from the Defendants. For grounds, the Plaintiff argued that immediate discovery was necessary to preserve assets as well as material evidence. [Doc. 5]. On November 9, 2011, the Honorable Dennis L. Howell, United States Magistrate Judge, granted the Plaintiff's motion for early discovery and directed the Defendants to respond to the Plaintiff's requests for production of documents within forty-five (45) days. [Doc. 10].

On December 29, 2011, Judge Howell entered a Pretrial Order and Case Management Plan setting deadlines of August 1, 2012 for the completion of discovery and September 1, 2012 for the filing of dispositive motions. [Doc. 18]. The case was scheduled for trial during the first civil term occurring on or after January 14, 2013. [Id.].

In the meantime, counsel for the Defendants moved to withdraw from representation of ILG. [Doc. 17]. The Court granted the motion to withdraw on January 11, 2012, and directed ILG to retain new counsel within ten (10)

2

days. [Doc. 20]. When ILG failed to comply with the Court's Order, the Court ordered ILG's Answer to be stricken from the record, and for default to be entered against ILG. [Doc. 23]. The Clerk entered default against ILG on February 2, 2012. [Doc. 24].

On May 4, 2012, the Plaintiff filed a motion to compel ILG to comply fully with the Plaintiff's requests for the production of documents, which were the subject of the Order permitting early discovery. [Doc. 31]. On June 11, 2011, Judge Howell denied the Plaintiff's motion without prejudice for failing to comply with the briefing requirements set forth in Local Rule 7.1. [Doc. 32].

More than thirty (30) days later, on July 13, 2012, the Plaintiff renewed its motion to compel against ILG. [Doc. 34]. At the same time, the Plaintiff filed a motion seeking an extension of the discovery deadline, from August 1, 2012 to February 1, 2013. [Doc. 33].

On July 19, 2012, Judge Howell entered an Order denying the Plaintiff's Motion for Extension of Time to Complete Discovery. [Doc. 38]. The Plaintiff objects to that Order and has appealed the Magistrate Judge's ruling to this Court. [Doc. 42].

## II. STANDARD OF REVIEW

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if its "clearly erroneous or contrary to the law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Nat'l Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006).

## III. DISCUSSION

The Plaintiff argues that it has been the Defendants who have been dilatory in responding to discovery in this case and that the Magistrate Judge's Order rewards their dilatory tactics. The discovery responses that were the subject of the Plaintiff's motion, however, were served on December 23, 2011. Counsel waited until May 5, 2012 to file a motion to compel. The Plaintiff's delay of some five months in pursuing this discovery is not adequately explained by the record. Apparent reliance on the Defendants' promised

4

cooperation [see Doc. 42] is not sufficient to justify Plaintiff's inaction during this time.

Because it failed to comply with the Local Rules, the Magistrate Judge properly denied the motion to compel without prejudice. The Plaintiff's renewed motion, however, was not filed until over a month later. Counsel argues that this delay was caused by counsel's need to prepare for a state court trial, which ended on June 13, 2012 and subsequently required post-judgment motions, and to prepare an appellate brief in another federal matter. [See Doc. 42 at 7]. These other professional obligations, however, do not justify the excessive delay that counsel incurred in renewing the motion to compel, especially where the refiling required at most some simple re-formatting of the document.

While the Plaintiff repeatedly complains that the delay in discovery has been caused by ILG's failure to cooperate in discovery, the Court notes that default was entered against ILG in January 2012. The Plaintiff has not shown that any of the individual Defendants who remain in this action have failed to cooperate in discovery or have otherwise impeded the progress of this case. If they have, the Plaintiff certainly has not moved in a timely manner to compel their compliance.

The extension requested by Plaintiff would have impacted not only the filing of dispositive motions but the trial date as well.[1] The Court agrees with the Magistrate Judge that the Plaintiff has not shown good cause for such a dramatic alteration of the deadlines in this case.

Having carefully reviewed the record, the submission of the parties, and the Magistrate Judge's Order, the Court determines that the Magistrate Judge's factual findings are not clearly erroneous and that his legal conclusions are not contrary to law. Specifically, the Magistrate Judge did not clearly err in finding that the Plaintiff has had ample time to conduct discovery in this matter and that the problems encountered by the Plaintiff in completing discovery are largely a result of counsel's delay in filing appropriate motions to compel. Accordingly, the Plaintiff's Objections are overruled, and the Magistrate Judge's Order denying an extension of time to complete discovery is affirmed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to Magistrate Judge Howell's Order [Doc. 42] are **OVERRULED**, and the

---

[1] In its motion [Doc. 33], the Plaintiff sought a five-month extension of the discovery period. It is not lost on the Court that this five-month period matches the five months the Plaintiff delayed in pursuing the discovery at issue.

6

Magistrate Judge's Order [Doc. 38] denying the Plaintiff's request for an extension of the discovery deadline is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: August 27, 2012

Martin Reidinger
United States District Judge