THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv244

| | |
|---|---|
| USA TROUSER, S.A. de C.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| INTERNATIONAL LEGWEAR ) | |
| GROUP, INC.; WILLIAM SHEELY; ) | |
| JOHN SANCHEZ; and SCOTT ) | |
| ANDREWS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment as to Claims Against the Defendant International Legwear Group, Inc. [Doc. 54].

## I. PROCEDURAL BACKGROUND

On September 6, 2011, the Plaintiff commenced this action in the Superior Court for Burke County, North Carolina, against the Defendants International Legwear Group, Inc. ("ILG"), William Sheely, John Sanchez, and Scott Andrews. [Doc. 1-1]. The Defendants, who were all represented by the same counsel, removed the action to this Court on September 21, 2011. [Doc. 1].

On December 28, 2011, Defendants' counsel moved to withdraw from representing ILG further in this matter. [Doc. 16]. On January 11, 2012, counsel's motion was granted, and the Court directed ILG to retain new counsel within ten (10) days. [Doc. 20]. When ILG failed to comply with the Court's Order, the Court ordered the Clerk to strike ILG's Answer and to make an entry of default against it. [Doc. 23]. The Clerk made entry of default against ILG on February 2, 2012. [Doc. 24].

The Plaintiff now moves for summary judgment as to all claims pending against ILG. [Doc. 54]. The Plaintiff has not applied to the Court for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## II.  DISCUSSION

Because an entry of default has been made against ILG, the appropriate avenue of relief for the Plaintiff to pursue is a default judgment, not summary judgment. As one court has explained:

> A default judgment and a summary judgment are two very different types of judgments. If a court has personal jurisdiction over a defendant and the defendant fails to appear, a default judgment may be rendered against him. In an action in which the defendant defaults, the well pled allegations of the complaint as to liability are established. However, they are not litigated but established by default. Judgment by default commands the full effects of claim and defense preclusion; but, judgment by

2

> default does not warrant issue preclusion for the very reason that the issues have not been litigated or decided.
>
> On the other hand, summary judgments that rest on the lack of any genuine issue of material fact going to the merits of claim or defense, invoke both claim and issue preclusion. The styling of a decision as a summary judgment may not give increased preclusive effect to a judgment if summary judgment was an inapt procedural vehicle for the judgment.

<u>Phillips Factors Corp. v. Harbor Lane of Pensacola, Inc.</u>, 648 F.Supp. 1580, 1582-83 (M.D.N.C. 1986) (internal citations, quotation marks, and footnotes omitted). The Court finds the reasoning of the Middle District persuasive and therefore concludes that the appropriate procedure for the Plaintiff to follow in this case is to pursue a default judgment pursuant to Rule 55(b)(2). Accordingly, the Plaintiff's Motion for Summary Judgment against ILG is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment as to Claims Against the Defendant International Legwear Group, Inc. [Doc. 54] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 22, 2012

Martin Reidinger
United States District Judge