THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00244-MR-DLH

USA TROUSER, S.A. de C.V.,           )
                                     )
            Plaintiff,               )
                                     )
       vs.                           )   **O R D E R**
                                     )
                                     )
INTERNATIONAL LEGWEAR GROUP,         )
INC., WILLIAM SHEELY, JOHN           )
SANCHEZ, and SCOTT ANDREWS,          )
                                     )
            Defendants.              )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment as to Claims Against Defendant International Legwear Group, Inc. ("ILG") pursuant to Rule 55(b)(2) [Doc. 101].

In moving for default judgment against ILG, the Plaintiff seeks, *inter alia*, an award of $213,977.95 in attorney's fees and costs pursuant to N.C. Gen. Stat. § 75-16.1. [Doc. 101]. In support of this request, the Plaintiff has attached the Affidavit of its counsel, Matthew K. Rogers. [Doc. 101-1]. In his Affidavit, counsel states that his hourly rate for this litigation was $300.00 per hour, and that he expended 562.28 hours in litigating this

action. He additionally claims that 84.90 hours of "independent contractor time," 293.28 hours of "legal assistant time," and 359.61 hours of "secretarial time" were expended on behalf of the Plaintiff. Additionally, counsel claims costs in the amount of $18,393.81.

Counsel did not attach any billing records to support the fee request. Rather, counsel states "[t]o the extent necessary and required by the Court, subject to non-waiver of privileges, said attorney will provide the detailed billing and description." [Doc. 101-1 at 3].

The party seeking an award of attorneys' fees has the burden of demonstrating a reasonable fee. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). To support the request for fees, counsel needs to submit detailed billing records demonstrating the reasonable hours expended. Only hours expended by counsel or a legally trained professional, such as a paralegal, may be claimed. Hours claimed by a legal secretary or legal assistant are considered overhead for the firm and are therefore not recoverable. See Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC, 747 F.Supp.2d 568, 591 (W.D.N.C. 2010).

The Plaintiff also has the burden of establishing the reasonableness of counsel's hourly rate. Robinson v. Equifax Info. Svcs., LLC, 560 F.3d

235, 244 (4th Cir. 2009). To meet this burden, "the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." Id. (citation omitted). In the absence of specific evidence regarding the prevailing market rate, the Court may establish a reasonable rate based upon its own knowledge and experience of the relevant market, which in this case would be the Asheville, North Carolina area. Irwin Indus. Tool Co., 747 F. Supp.2d at 593-94.

In supplementing the fee request, counsel also needs to provide a fair estimate of the percentage of the total fees related to the claims upon which fees may be awarded, as well as the percentage of fees attributable to pursuing the action against ILG as opposed to the other defendants in the case.

Finally, counsel should provide detailed documentation to support the request for costs. Such costs should be limited to those recoverable under 28 U.S.C. § 1920 and the Local Rules of this Court.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have fourteen (14) days from the entry of this Order to supplement its Motion for Default Judgment.

**IT IS SO ORDERED.**

Signed: April 15, 2013

Martin Reidinger
United States District Judge