# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11-cv-00244-MR-DLH

| | |
|---|---|
| USA TROUSER, S.A. de C.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| INTERNATIONAL LEGWEAR GROUP, ) | |
| INC., WILLIAM SHEELY, JOHN ) | |
| SANCHEZ, and SCOTT ANDREWS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Remand to North Carolina State Court or, in the Alternative, Motion to Dismiss Claims as to Andrews without Prejudice to Allow Plaintiff to Refile and Consolidate Claims in North Carolina State Court" [Doc. 136].

**I.  PROCEDURAL BACKGROUND**

The Plaintiff USA Trouser, S.A. de C.V. ("USAT"), a Mexican sock manufacturer, filed this action in the Burke County Superior Court on September 6, 2011, against its primary distributor, International Legwear Group, Inc. ("ILG"), two of ILG's former officers, William Sheely ("Sheely") and John Sanchez ("Sanchez"), and the former chairman of ILG's board of

directors, Scott Andrews ("Andrews"). The Defendants removed the action to this Court on the basis of diversity jurisdiction on September 21, 2011. [Doc. 1].

On motions for summary judgment, this Court denied USAT's motion and granted Andrews summary judgment on USAT's claims of, among others, breach of fiduciary duty and constructive trust. USAT appealed the disposition of all of its claims in favor of Andrews. On appeal, the Fourth Circuit affirmed the dismissal of USAT's claims against Andrews with the exceptions of its claims of breach of fiduciary duty and constructive fraud and remanded for further proceedings.[1] [Doc. 116].

Upon entry of the Fourth Circuit's mandate on July 27, 2015, this matter was scheduled for trial during the November 2, 2015 trial term. On October 7, 2015, less than two weeks prior to the final pretrial conference, the Plaintiff filed the present motion, seeking to remand this matter to state court or, in the alternative to dismiss its claims without prejudice. [Doc. 136]. Andrews filed a response, opposing the Plaintiff's motion. [Doc. 151]. The Court heard oral argument on the Plaintiff's motion at the final pretrial conference

---

[1] USAT did not appeal the partial grant of summary judgment to defendants Sanchez and Sheely or the entry of default judgment against ILG. USAT attempted to appeal the amount of damages awarded to the Plaintiff against ILG, but the Fourth Circuit declined to entertain that claim as ILG was not a party to the appeal.

on October 20, 2015, and accepted additional exhibits from the Plaintiff in support of its motion.

Having been fully briefed and argued, this matter is now ripe for disposition.

## II. DISCUSSION

The Plaintiff's motion presents multiple alternative requests for relief, including remand, consolidation, and/or dismissal of some of its claims, all with the same end result: that the Plaintiff be allowed to continue prosecuting its remaining claims against Andrews in a North Carolina state court. For the reasons that follow, the Court concludes that the Plaintiff is constrained to prosecute its remaining claims in the present action pending in this forum.

### A. Motion to Remand

The Plaintiff first argues that this matter should be remanded due to a lack of subject matter jurisdiction. Specifically, the Plaintiff contends that the removal of September 21, 2011, to this Court was precluded by the "Forum Defendant Rule," 28 U.S.C. § 1441(b)(2). The Plaintiff argues that three of the original defendants – ILG, Sanchez, and Sheely – are considered residents of North Carolina for diversity purposes; therefore, the Forum Defendant Rule deprived the Court of jurisdiction over this matter at the time of removal and continues to deprive the Court of jurisdiction.

A state court action may be removed to a federal district court if the action is one over which a federal district court could exercise original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts exercise original jurisdiction primarily over two types of cases: (1) those involving "federal questions," pursuant to 28 U.S.C. § 1331 and (2) those involving citizens of different or foreign states where the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a).

Here, the requirements for the exercise of diversity jurisdiction were undisputedly met at the time of removal. First, the action as originally filed involved a dispute between a foreign corporation, and citizens of different states. See 28 U.S.C. § 1332(a)(1)(2). As is alleged in the original Complaint, USAT is a Mexican corporation; Defendants Sanchez and Sheely are residents of North Carolina; Defendant ILG is a Virginia corporation with its principal place of business in North Carolina; and Defendant Andrews is a resident of Virginia. [Doc. 1-1 at ¶¶ 1-6]. Second, the amount in controversy at the time of removal clearly was greater than $75,000; the Plaintiff's Complaint specifically claimed damages in excess of $655,000, exclusive of costs and interest. [Id. at 13]. Indeed, even with the resolution of the claims against ILG, Sanchez, and Sheely, diversity jurisdiction still exists as between USAT and Andrews, as the parties' citizenship remains

diverse (Mexico, Virginia) and the amount in controversy still exceeds $75,000. Therefore, the basic requirements for the exercise of diversity jurisdiction have been, and continue to be, satisfied here. Had this action been filed in federal court, it is without question that the Court could have properly exercised original jurisdiction over this case pursuant to § 1332(a).

*Removal* of an action based on diversity jurisdiction, however, must not only satisfy the jurisdictional requirements of § 1332(a); it must also satisfy the procedural requirements of § 1441(b)(2), the so-called "Forum Defendant Rule," which provides as follows:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). The Forum Defendant Rule serves as a limitation on removal, permitting removal based on diversity jurisdiction only where the properly joined and served defendants are not citizens of the forum state. As one court has explained:

> Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some

5

> control over forum selection by requesting that the case be remanded to state court.

Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006) (internal citation omitted).

While the Forum Defendant Rule operates to limit a defendant's right of removal, it is separate and apart from the statute conferring diversity jurisdiction. Id. at 939. Subject matter jurisdiction is governed by Chapter 85 of Title 28, while removal is governed by Chapter 89. While the Fourth Circuit has yet to address the issue, the overwhelming majority of courts, including several district courts within the Fourth Circuit, have ruled that the Forum Defendant Rule is merely a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect. See Brazell v. Waite, 525 F. App'x 878, 884 (10th Cir. 2013); Samaan v. St. Joseph Hosp., 670 F.3d 21, 28 (1st Cir. 2012); In re 1994 Exxon Chem. Fire, 558 F.3d 378, 393 (5th Cir. 2009); Holmstrom v. Peterson, 492 F.3d 833, 839 (7th Cir. 2007); Lively, 456 F.3d at 939; Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 90 n.3 (3rd Cir. 1999); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1372 n.4 (11th Cir. 1998); Handley-Mack Co. v. Godchaux Sugar Co., 2 F.2d 435, 437 (6th Cir. 1924); see also Ada Liss Group v. Sara Lee Branded Apparel, No. 1:06CV610, 2007 WL 634083, at *4 (M.D.N.C. Feb. 26, 2007);

Rehbein v. Biomet Orthopedics, LLC, No. WDQ-12-1247, 2012 WL 2340000, at *2 & n.11 (D. Md. June 15, 2012); Councell v. Homer Laughlin China Co., 823 F. Supp. 2d 370, 378-79 (N.D. W. Va. 2011); State Farm Mut. Auto. Ins. Co. v. Smith, 342 F. Supp. 2d 541, 542 n.1 (W.D. Va. 2004); Ravens Metal Prods., Inc. v. Wilson, 816 F. Supp. 427, 428-29 (S.D. W. Va. 1993). Only the Eighth Circuit Court of Appeals has taken a contrary position. See Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005). The Court finds the reasoning of the majority of the courts cited above to be persuasive, and thus adopts the prevailing view that the Forum Defendant Rule is merely a procedural requirement and does not affect the Court's ability to exercise diversity jurisdiction.

Because the Forum Defendant Rule is a waivable non-jurisdictional requirement, a plaintiff must seek remand of an action removed in violation of § 1441(b)(2) within thirty days of removal. See 28 U.S.C. § 1447(c) (requiring motion to remand based on "any defect other than lack of subject matter jurisdiction" be made within thirty days of filing of removal). Failure to timely object to the removal of an action in violation of the Forum Defendant Rule results in a waiver of that objection. See Lively, 456 F.3d at 939; Councell, 823 F. Supp. 2d at 378. Here, the Defendants filed their Notice of Removal on September 21, 2011. The Plaintiff, however, did not file the

7

present motion until October 7, 2015, nearly *four years* after the expiration of the 30-day window for seeking a remand. The Plaintiff therefore has waived any objection it may have had to the removal of this action in violation of the Forum Defendant Rule.[2]

In summary, the Forum Defendant Rule is a procedural, non-jurisdictional requirement, and the Plaintiff's time for raising an objection to the removal of this action in violation of that rule expired long ago. As such, the Court's exercise of subject matter jurisdiction over this matter is proper, and therefore, the Plaintiff's motion to remand for lack of subject jurisdiction must be denied.

### B. Motion for Consolidation

After the present action was commenced, but before the Fourth Circuit reversed in part and remanded the two remaining claims against Andrews back to this Court, the Plaintiff initiated an action against ILG's former Chief Executive Officer, James A. Williams, in Guilford County Superior Court.

---

[2] If the Plaintiff were correct, and the Court never had jurisdiction over this action, it would logically follow that the judgments previously entered against ILG, Sanchez, and Sheely would be void. The Plaintiff, however, does not agree, arguing instead that these judgments would remain valid despite the supposed absence of jurisdiction. This is particularly ironic, given that Plaintiff argues that this Court is without jurisdiction because of the residence of ILG, Sheely and Sanchez, not because of the residence of Andrews. Yet Plaintiff argues that the Court had no jurisdiction over the claim against Andrews but DID have jurisdiction to enter judgment against ILG, Sheely and Sanchez. The Court is unable to reconcile the Plaintiff's positions on this point.

This state action is currently pending before the North Carolina Business Court. The Plaintiff contends that the claims asserted against Williams in this state action are substantially similar to the claims pending against Andrews in the present action. The Plaintiff therefore alternatively seeks consolidation of these actions pursuant to Rule 42 of the Federal Rules of Civil Procedure.

By its terms, Rule 42 applies only to the consolidation of multiple actions pending before a federal court, not the consolidation of an action pending before a federal court with an action pending before a state court. <u>See</u> Fed. R. Civ. P. 42(a) (permitting consolidation where "actions *before the court* involve a common question of law or fact") (emphasis added). There is simply no procedural mechanism available by which this Court could accomplish such a consolidation. Similarly, there is no authority by which this Court could remand this case to allow such consolidation to occur, nor could this Court direct any state court to consolidate such actions. Therefore, the Plaintiff's motion, to the extent it seeks consolidation of these two actions either by this Court or by a state court, must be denied.

### C. Motion to Dismiss Pursuant to Rule 19

Alternatively, the Plaintiff moves to dismiss the present action due to the failure -- admittedly the Plaintiff's own failure -- to join Williams as a necessary and indispensable party to this action.

In order to demonstrate that an individual is necessary and indispensable to the present action, the moving party must first show either: (1) that complete relief among the current parties before the Court cannot be accorded in his absence, or (2) that the necessary party claims an interest in the subject matter of the case that would be jeopardized or that would create a risk of multiple or inconsistent obligations for the existing parties. Fed. R. Civ. P. 19(a).

Here, it is evident that Williams is not a necessary party to the action pending before this Court. USAT characterizes the relationship between Andrews and Williams as that of joint tortfeasors. It is well-established, however, that joint tortfeasors are not "necessary" or "indispensable" parties within the meaning of Rule 19. See Temple v. Synthes Corp., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983) ("joint tortfeasors are not indispensable parties"); Fed. R. Civ. P. 19(a), advisory

committee notes ("a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability").

Even if Williams were a necessary party to the present action, USAT complains of a defect entirely of its own making, and one that it has failed to remedy for a number of years. Despite its awareness of Williams' involvement in ILG[3], USAT made the decision to sue Andrews and Williams in separate lawsuits years apart.[4] While USAT now claims that it only recently learned undisclosed "new facts" that make Williams a necessary and indispensable party to the present action [Doc. 137 at 10-11], USAT fails to inform the Court what these alleged new facts are. While the defense of failure to join an indispensable party may be raised at any time in the

---

[3] USAT identified Williams as the current registered agent of ILG in its original Complaint filed on September 6, 2011 [see Doc. 1-1 at ¶ 3], and the fact that he was the Chief Executive Officer of ILG was a matter that was readily discoverable by the Plaintiff, as evidenced by the fact that Williams was extensively deposed about his role in ILG as part of this litigation.

[4] As noted above, it is apparent that the Plaintiff could have named Williams as a defendant in its original Complaint when it sued ILG and the other corporate officers. Even if the Plaintiff were correct, however, and the nature of Williams' involvement became apparent only recently, the Plaintiff still could have brought the action against Williams as an original action in a federal court. The requirements for the exercise of diversity jurisdiction would have been met, as the action would have been between a foreign corporation and a citizen of North Carolina (such an action not being prohibited by the forum defendant rule as it does not involve removal). At that point, the Plaintiff could have then sought the consolidation of the two actions into one federal proceeding. The Plaintiff, for whatever reason, chose not to do so. As such, the failure to join Williams as a party is a problem entirely of the Plaintiff's own making.

proceedings, "it may also be waived and a party with the necessary information to make a motion for joinder of an indispensable party cannot sit back and raise it at any point of his choosing." Nat'l Bd. of Young Women's Christian Ass'n of U.S.A. v. Young Women's Christian Ass'n of Charleston, S.C., 335 F. Supp. 615, 627 (D.S.C. 1971). Allowing USAT to dismiss *its own case*[5] less than three weeks before trial and consolidate it with the state court action against Williams where discovery has not even begun would result in substantial additional expense and would unduly prejudice Defendant Andrews. For all of these reasons, the Plaintiff's motion to dismiss pursuant to Rule 19 is denied.

### D. Motion to Dismiss Pursuant to Rule 41

The Plaintiff's final avenue by which it seeks relief is a motion for dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

---

[5] This case presents an unusual situation for the Court, as the failure to join an indispensable party is intended to be raised as a defense to an action; it is not designed to be a mechanism for a plaintiff to dismiss its own case when that plaintiff fails to sue all of the appropriate parties in one action. This is where the Plaintiff's reliance on Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427 (4th Cir. 2014), is misplaced. In Home Buyers, the defendants in the federal action sought dismissal of the action because the plaintiff failed to name as defendants certain indispensable parties who were not diverse. That is a factual scenario and procedural posture that is entirely different from what is presented here, where the Plaintiff simply failed to name his full cast of characters in one complaint.

Rule 41 provides that a plaintiff, with certain enumerated exceptions, may voluntarily dismiss an action by filing a notice of dismissal prior to the service of an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(i). Once an answer or a motion for summary judgment has been filed, a plaintiff may obtain a voluntary dismissal only by a stipulation of dismissal signed by all parties who have appeared in the action, Fed. R. Civ. P. 41(a)(1)(ii), or by court order, "on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2). Here, Andrews has filed both an answer and a motion for summary judgment and has not stipulated to a dismissal of this action without prejudice. Thus, the only way that the Plaintiff may obtain a voluntary dismissal is by an order of the Court.

In considering a motion for voluntary dismissal under Rule 41(a)(2), the Court "must focus primarily on protecting the interests of the defendant." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). The Fourth Circuit has cautioned that a Rule 41(a)(2) motion for a dismissal without prejudice "should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). In determining whether a defendant will incur substantial prejudice by allowing a dismissal, the Court may consider various factors, including: "(1) the plaintiff's diligence in moving for a voluntary dismissal, (2) the stage of the litigation, including

13

the defendant's effort and expense in preparing for trial, and (3) the adequacy of the plaintiff's explanation for the need to dismiss." Fid. Bank PLC v. N. Fox Shipping N.V., 242 F. App'x 84, 89 (4th Cir. 2007).

Here, all of the relevant factors weigh in favor of denying the Plaintiff's motion for voluntary dismissal. First, the Court notes that the Plaintiff's motion is extremely dilatory, having been filed only weeks before trial and when all of the circumstances forming the basis of its motion have been in existence and known to the Plaintiff for an extended period of time. Second, the parties are merely days away from the commencement of the trial, and the Defendant has undergone considerable expense and effort in preparing for the same. Finally, for the multiple reasons set forth above, the Court finds that the explanation offered by the Plaintiff for the need of a dismissal are simply inadequate to justify such a dramatic remedy at such a late date.[6]

Even if a dismissal without prejudice were allowed, and the Plaintiff were permitted to refile its remaining claims in a state court, such refiling

---

[6] The Plaintiff contends that if this action were pending in state court, it would have the right to voluntarily dismiss this action without prejudice at any time prior to submitting its case to the jury. In fact, however, North Carolina law clearly provides that a plaintiff is not entitled to a voluntary dismissal without prejudice as of right once it has rested its case at the summary judgment stage. See Troy v. Tucker, 126 N.C. App. 213, 216, 484 S.E.2d 98, 99-100 (1997). Accordingly, the Plaintiff's argument that it would have the right in state court to a voluntary dismissal without prejudice at this stage in the proceedings is simply erroneous.

would be utterly futile under the circumstances. As previously noted, the parties are of diverse citizenship and the amount in controversy well exceeds the jurisdictional requirement of $75,000. Upon the filing of a state action against him, Andrews would have every right to remove this action yet again to this Court, leaving the Plaintiff in precisely the same position as it now stands.

For all of these reasons, in the exercise of its discretion, the Court denies the Plaintiff's motion for voluntary dismissal under Rule 41(a)(2).[7]

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand to North Carolina State Court or, in the Alternative, Motion to Dismiss Claims as to Andrews without Prejudice to Allow Plaintiff to Refile and Consolidate Claims in North Carolina State Court [Doc. 136] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 27, 2015

Martin Reidinger
United States District Judge

---

[7] The Court expresses no opinion as to whether a state court would conclude that the principles of res judicata bar the Plaintiff from refiling its breach of fiduciary/constructive fraud claims when a judgment has already been entered in favor of Andrews on claims arising out of the same facts and circumstances which form the basis of those fiduciary claims.