THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00244-MR-DLH

USA TROUSER, S.A. de C.V.,   )
                             )
            Plaintiff,       )
                             )
vs.                          )   **O R D E R**
                             )
                             )
SCOTT ANDREWS,               )
                             )
            Defendant.       )
_____)

**THIS MATTER** is before the Court *sua sponte*.

This matter was scheduled for trial to commence during the November 2, 2015 trial term. On the Friday prior to the commencement of the trial term, through various phone communications and emails, the parties represented to the Court that the case had been settled. At the instruction of the Court, the parties filed a Memorandum of Understanding (MOU), setting forth the basic terms of the purported settlement agreement. [Doc. 168]. Upon the filing of the MOU, this matter was removed from the trial calendar, and the parties were instructed to file a stipulation of dismissal within thirty (30) days. That deadline has now passed without compliance from the parties.

The parties have now provided information to the Court that casts doubt upon whether the parties actually settled the matter. Therefore, it appears necessary for the Court to conduct a hearing in order to determine whether the parties have in fact reached an enforceable settlement agreement or whether the parties misrepresented to the Court that they had.

If the Court determines that an enforceable settlement agreement was reached, the Court will enforce such settlement agreement. If the Court determines that misrepresentations were made to the Court, appropriate sanctions will be imposed and this matter may be placed on the next term for trial.

**IT IS, THEREFORE, ORDERED** that the parties shall appear for a hearing before this Court on **Tuesday, December 22, 2015 at 2:00 p.m.**

**IT IS FURTHER ORDERED** that all parties to the purported settlement agreement, including James Williams (who is not a party to this action), shall be required to appear personally at this hearing with counsel. In addition to Plaintiff's counsel, a corporate representative who is in possession of the necessary authority to resolve this matter shall be required to appear personally on behalf of the Plaintiff.

Counsel for the Defendant (who also represents James Williams) is instructed to provide notice of this Order to the non-party defendant James Williams.

**IT IS SO ORDERED.** Signed: December 10, 2015

Martin Reidinger
United States District Judge