# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11-cv-00244-MR-DLH

| | |
|---|---|
| USA TROUSER, S.A. de C.V., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **ORDER AND**<br>) **JUDGMENT**<br>) |
| SCOTT ANDREWS, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on the Defendant's Motion to Enforce the Memorandum of Understanding That the Parties Filed with the Court. [Doc. 178].

This matter was set for trial during the November 2, 2015 trial term. On October 30, 2015, the Friday before the trial term was to begin, the parties represented to the Court that the case had been settled. At the Court's instruction, the parties filed with the Court a document entitled "Memorandum of Understanding" ("MOU"), memorializing their settlement agreement. [See Doc. 168].

Thereafter, the parties encountered difficulties in effectuating their agreement, resulting in a status conference with the Court on December 22,

2015.  Following that status conference, the Defendant filed the present motion seeking to enforce the parties' settlement agreement.  [Doc. 178]. The Court held a hearing on that motion on January 8, 2016.

The Court has the inherent authority to enforce a settlement agreement arising from a lawsuit pending before the Court, and the exercise of this authority "has the 'practical effect' of entering a judgment by consent." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002); Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir. 1983); Millner v. Norfolk & W.R. Co., 643 F.2d 1005, 1009 (4th Cir. 1981).  In order to enforce a settlement agreement, the Court must: (1) determine that the parties have reached a complete agreement and (2) identify the agreement's terms and conditions.  Topiwala v. Wessell, 509 F. App'x 184, 187 (4th Cir. 2013) (per curiam); Hensley, 277 F.3d at 540-41.

Here, the MOU contains language which would ordinarily indicate only an "agreement to agree," without any intent to be bound.  [See Doc. 168 at 1 ("WHEREAS, the Parties have reached an agreement in principle for a settlement of the Litigation subject to later mutual agreement to a final more definitive, binding written settlement agreement being drafted by the Parties . . . .")].  The parties, through their respective counsel, however, both strenuously argue to the Court that this language was merely precatory in

nature, and that the parties indeed intended to be bound by the terms of the MOU.

The Court finds that the MOU contains the terms essential to a settlement agreement and is sufficiently complete and definite as to constitute a full and final agreement resolving this litigation. Particularly, the MOU provides: (1) that Defendant Andrews and James Williams (a defendant in other litigation brought by the Plaintiff and pending in state court) will pay the Plaintiff the sum of $150,000.00; (2) that the settlement will result in the termination of this litigation, as well as the pending state court case insofar as it pertains to Williams; and (3) that the parties will execute mutual cross releases extending to directors and officers of the International Legwear Group (ILG) and USA Trouser as beneficiaries. The parties affirmatively assert and represent to the Court that no other terms, conditions, issues or considerations were or are material to this settlement agreement. Thus, the contents of the MOU would lead a reasonable person to believe that this case (as well as the state court case as to Williams) was settled pursuant to the terms therein. See Topiwala, 509 F. App'x at 186.

Accordingly, the Court concludes as a matter of law that the MOU constitutes an enforceable settlement agreement between the parties to this

action.  Accordingly, the Court by its inherent powers can enter an Order and Judgment to enforce that agreement.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** as follows:

(1) The Defendant's Motion to Enforce the Memorandum of Understanding That the Parties Filed with the Court [Doc. 178] is **GRANTED**, and the Plaintiff USA Trouser, S.A. de C.V. shall have and recover of the Defendant Scott Andrews a judgment in the amount of $150,000.00.  Defendant Andrews is jointly and severally liable for such amount with James Williams, but as Williams is not a party to this action, the Court cannot exercise *in personam* jurisdiction over Williams; therefore, no judgment is entered herein with respect to Williams.  However, any payment by or behalf of Williams to the Plaintiff on said joint debt shall discharge the Defendant Andrews of this judgment, *pro tanto*.

(2) Upon the payment of the judgment amount, Defendant Andrews and Williams and all officers and directors of International Legwear Group are released and discharged of liability to the Plaintiff for any action or claim heretofore arising, and the Plaintiff and its officers and directors are released and discharged of

liability to Defendant Andrews and Williams for any action or claim heretofore arising.[1]

(3) Except as addressed herein or in other judgments heretofore entered regarding other Defendants in this action, all of the Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

(4) Each party shall bear its own costs.

**IT IS SO ORDERED.**

Signed: January 11, 2016

Martin Reidinger
United States District Judge

---

[1] The parties apparently disagree as to the scope of the language in Paragraph 5 of the MOU, which provides for "mutual cross releases that will extend to directors and officers of International Legwear Group and USA Trouser as beneficiaries." [Doc. 168 at 2]. The Defendant takes the position that this language encompasses former officers and directors, while the Plaintiff apparently takes the position that this language applies only to present officers and directors of ILG. The Court need not resolve the parties' disagreement regarding the scope of this language in order to enforce the terms of the parties' settlement agreement. The parties agree that a resolution of the scope of that term is not material to their agreement and there is no question before the Court as to the interpretation of that language. The Court does note, however, that because ILG was dissolved on or about May 16, 2012, *there are no present officers and directors of ILG*. Thus, the Plaintiff's interpretation -- that the release only extends to present officers and directors of ILG -- would render that clause of Paragraph 5 of the MOU meaningless. It is a basic principle of contract interpretation that courts must "avoid constructions that render language meaningless, superfluous, or contradictory." Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 701 (4th Cir. 2012). If the Plaintiff wishes to argue in some future action that the release in Paragraph 5 is limited only to those officers and directors of ILG as of October 30, 2015, it certainly can do so; however, counsel is admonished to be mindful of his obligations under Rule 11.